IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BFI WASTE SERVICES, LLC | § | PLAINTIFF/COUNTER-DEFENDANT |
| | § | |
| v. | § | CAUSE NO. 1:08CV27 LG-RHW |
| | § | |
| HARRISON COUNTY UTILITY | § | |
| AUTHORITY, f/k/a HARRISON | § | |
| COUNTY WASTEWATER AND SOLID | § | |
| WASTE MANAGEMENT DISTRICT | § | DEFENDANT/COUNTER-PLAINTIFF |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

THE MATTER BEFORE THE COURT is the Motion to Dismiss Counterclaim [7] filed by the Plaintiff/Counter-Defendant, BFI Waste Services, LLC, and the Defendant/Counter-Plaintiff's response. After due consideration of the parties' arguments and the relevant law, it is the opinion of the Court that Defendant/Counter-Plaintiff has properly stated a counterclaim for recoupment and the Motion to Dismiss should be denied.

DISCUSSION

This is a breach of contract action, with BFI alleging that the Harrison County Utility Authority failed to pay $689,544.12 for services rendered. Harrison County answered the complaint and included a counterclaim asserting that it had tendered $683,891.25 to BFI, but BFI has still not credited the County for its almost complete payment of the amount alleged to be due. BFI contends that the County's counterclaim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. In BFI's view, the County has "outline[d] an affirmative defense" to BFI's breach of contract claims, but has not stated a counterclaim.

The County argues that its claim is for setoff, and it is properly brought as a counterclaim,

citing *Singing River Mall Co. v. Mark Fields, Inc.*, 599 So.2d 938 (Miss. 1992) and *Burnham v. Joseph*, 482 So. 2d 1151 (Miss. 1986).  However, after reviewing these and other authorities, it appears to the Court that the County's defense is properly characterized as a claim for recoupment rather than setoff.  Setoff is a demand asserted to diminish or extinguish a plaintiff's demand that arises out of a transaction different from the one on which the plaintiff has sued.  *Hunt v. Bankers Trust Co.*, 689 F.Supp. 666, 672 (N.D. Tex. 1987) (citing J. MOORE, 3 *Moore's Federal Practice* ¶ 13.02 (2d ed. 1985)).  Recoupment is a demand arising out of the same transaction as the plaintiff's claim.  *Id.*  Setoff and recoupment apply to counterclaims within FEDERAL RULE OF CIVIL PROCEDURE 13.  *Id.*

> 'Recoupment' is distinguished from 'set-off' in several particulars: (1) It arises out of matters connected with the transaction or contract on which the plaintiff's cause of action is founded. (2) It matters not whether it be liquidated or unliquidated. (3) It is not dependent on any statutory regulation, but it is controlled by the principles of the common law.  To which may be added that its use is defensive only.

*Criss v. Bailey*, 137 So.2d 160 (Miss. 1962) (citations and quotation marks omitted).

Thus, recoupment is the right of a defendant, in the same action, to cut down the plaintiff's demand either because: 1) the plaintiff has not complied with some cross obligation of the contract on which it sues; or 2) the plaintiff has violated some duty which the law imposes on it in the making or performance of that contract.  *In re Smith,* 737 F.2d 1549 (11th Cir.1984); *see also Matter of Holford,* 896 F.2d 176 (5th Cir.1990).  By asserting that BFI's demand should be "cut down" by the amount the County alleges it has already tendered pursuant to the contract, the County has stated a proper counterclaim for recoupment under FED. R. CIV. P. 13.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss

Counterclaim [7] filed by the Plaintiff/Counter-Defendant, BFI Waste Services, LLC is **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 13th day of May, 2008.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE