IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BFI WASTE SERVICES, LLC** | § | **PLAINTIFF/COUNTER-DEFENDANT** |
| | § | |
| **v.** | § | **CAUSE NO. 1:08cv27 LG-RHW** |
| | § | |
| **HARRISON COUNTY UTILITY** | § | |
| **AUTHORITY, f/k/a HARRISON** | § | |
| **COUNTY WASTEWATER AND SOLID** | § | |
| **WASTE MANAGEMENT DISTRICT** | § | **DEFENDANT/COUNTER-PLAINTIFF** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [45] filed by the Plaintiff/Counter-Defendant, BFI Waste Services, LLC. There has been no response by the Defendant/Counter-Plaintiff, Harrison County Utility Authority. After due consideration of the Motion and the relevant law, it is the Court's opinion that the Motion for Summary Judgment should be granted.

DISCUSSION

This is a breach of contract action, with BFI alleging that the Harrison County Utility Authority failed to pay $689,544.12 for services rendered. Harrison County answered the complaint and brought a counterclaim for recoupment, asserting that it had tendered $683,891.25 to BFI, but BFI has still not credited the County for its almost complete payment of the amount alleged to be due. BFI asserts that summary judgment in its favor is appropriate as to both its breach of contract claim brought against Harrison County, and as to Harrison County's recoupment counterclaim.

THE LEGAL STANDARD:

Summary judgment is mandated against the party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Harrison County has not submitted any argument or evidence in opposition to BFI's Motion. Nevertheless, BFI has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

BREACH OF CONTRACT:

BFI asserts that Harrison County breached its contract with BFI by failing to make payment for waste collection services rendered in September 2007. Breach of contract occurs when there is: (1) a valid and binding contract; (2) breach of the contract provision(s); and (3) money damages suffered by the plaintiff. *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So.2d 1037, 1044 (Miss. Ct. App. 2004).

The contract at issue here was entered into on September 20, 2001 and covered a period of six years, from October 1, 2001, through September 30, 2007. Ct. R. 45-6. The Executive Director of the Harrison County Utility Authority testified that BFI performed the work as required by the contract. Ct. R. 45-22 p. 3,4. Harrison County has never alleged BFI breached the contract in any way. *Id*. BFI alleges it invoiced Harrison County for services performed in September 2007, but Harrison County has never paid BFI, despite repeated notification in delinquency of payment. BFI alleges it has suffered monetary damages in the amount of the unpaid invoice, $689,544.12, in addition to interest and attorney's fees. Harrison County's

pleadings acknowledge that the "credit" it asserts exists is less than the unpaid invoice, yet no payment or tender of that amount has been made. *See* Ct. R. 45-4 p. 3. There is no question that Harrison County has breached its contract with BFI, and Harrison County has provided no evidence of a material fact to dispute BFI's claims of breach of contract.

The contract provides that payments are to be made pursuant to state law.

Applicable state law provides:

> if a warrant or check, as the case may be, in payment of an invoice is not mailed or otherwise delivered within forty-five (45) days after receipt of the invoice and receipt, inspection and approval of the goods and services, the public body shall be liable to the vendor, in addition to the amount of the invoice, for interest at a rate of one and one-half percent (1 ½%) per month or portion thereof on the unpaid balance from the expiration of such forty-five-day period until such time as the warrant or check is mailed or otherwise delivered to the vendor.

Miss. Code § 31-7-305.

Mississippi Code § 31-7-309 states that when a vendor brings action under Mississippi Code § 31-7-305, the public body shall be required to pay reasonable attorneys fees when there is an undisputed amount for which payment is authorized. Harrison County has not disputed the work performed or that full payment is due, and funds were authorized when the contract was signed. Therefore, BFI is entitled to judgment as a matter of law on its breach of contract claim. Summary judgment will be entered in favor of BFI awarding the $683, 890.72 due on the September 2007 invoice, as well as the statutorily required 1.5% interest per month from November 15, 2007, and reasonable attorneys fees.

RECOUPMENT:

BFI next asserts that Harrison County will not be able to prove its claim of recoupment. A claim of recoupment requires a showing that 1) the plaintiff has not complied with some cross obligation of the contract on which it sues; or 2) the plaintiff has violated some duty which the

law imposes on it in the making or performance of that contract.  *In re Smith*, 737 F.2d 1549 (11th Cir. 1984); *see also Matter of Holford*, 896 F.2d 176 (5th Cir. 1990).  BFI notes that Harrison County has expressly stated that BFI complied with all obligations of the contract, and further, there is no evidence that BFI violated some duty in the making or performance of the contract.  In light of the complete lack of evidence that either of these circumstances exist, the Court finds that there is no issue of material fact pertaining to a recoupment, and summary judgment should be granted dismissing the counterclaim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [45] filed by the Plaintiff/Counter-Defendant, BFI Waste Services, LLC is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that BFI Waste Services, LLC is awarded $683, 890.72 contractual damages, as well as the statutorily required 1.5% interest per month from November 15, 2007, and reasonable attorneys fees.

**IT IS FURTHER ORDERED AND ADJUDGED** that Harrison County Utility Authority's counterclaim against BFI Waste Services, LLC is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 13th day of November 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge